IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES A. SMITH                                                                                    PLAINTIFF

        v.                    Civil No. 2:12-cv-02143-JRM

CAROLYN W. COLVIN, Commissioner of
Social Security Administration[1]                                                       DEFENDANT

**MEMORANDUM OPINION**

**I.     Factual and Procedural Background**

      Plaintiff, James A. Smith, brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act ("the Act").  42 U.S.C. §§ 423, 1381a.

      Plaintiff protectively filed his applications on June 15, 2004, alleging disability as of August 1, 2001, due to low back pain, neck pain, strained chest muscles, right shoulder pain, right knee pain, right leg pain, headaches, a hernia, and depression.  Tr. 83, 100, 104.  On the alleged onset date, Plaintiff was forty-four years old, a younger age individual, with a high school education.  Tr. 101, 109, 334, 383.  Plaintiff has past relevant work as a sanitation driver/collector, groundskeeper, and cemetery caretaker.  Tr. 333-334.  His date last insured was December 31, 2006.  Tr. 326.

      Plaintiff's applications were denied at the initial and reconsideration levels.  Tr. 29, 31, 33-35, 39-40, 43-44, 273.  At Plaintiff's request, an administrative hearing was held on January 23,

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

2006. Tr. 276-311. The ALJ rendered an unfavorable decision on July 25, 2006, finding Plaintiff was not disabled under the Act. Tr. 11-24. Subsequently, the Appeals Council denied Plaintiff's Request for Review on January 25, 2007, thus making the ALJ's decision the final decision of the Commissioner. Tr. 3-6.

On March 26, 2007, Plaintiff filed a complaint with this Court. *Smith v. Barnhart,* Case No. 2:07-cv-02028-JRM. The case was ultimately remanded to the Commissioner for further review, pursuant to sentence four of 42 U.S.C. § 405(g). Tr. 336-343. In the interim, Plaintiff filed a second application for benefits, which was denied initially and upon reconsideration. Tr. 324. This claim was ultimately merged with the first application at the administrative hearing level. Tr. 324. A second hearing was held on both applications on December 22, 2008. Tr. 462-516. As of the date of the second administrative hearing, Plaintiff was fifty-one years old, an individual closely approaching advanced age. On September 11, 2009, the ALJ issued an unfavorable decision, finding Plaintiff was not disabled under the Act. Tr. 321-335. Plaintiff filed a timely Request for Review with exceptions to the Appeals Council, which was denied on June 2, 2012, thus making the ALJ's decision the final decision of the Commissioner. Tr. 312-314. On June 27, 2012, Plaintiff filed his complaint with this Court, seeking judicial review of the Commissioner's unfavorable decision. ECF No. 1.

## II.  Applicable Law

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th

Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)). In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that he is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits his physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the regulations; (4) whether the claimant has the RFC to perform his past relevant work; and (5) if the claimant cannot perform his past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given his age, education, and work experience. *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a). If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled. *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

### III.    ALJ's Determination

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity at any point since August 1, 2001, the alleged onset date. Tr. 327. At step two, the ALJ found Plaintiff suffers from the following severe impairments: degenerative disc disease, status post knee injury, chronic pain syndrome, and depression. Tr. 327. At step three, he determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 327-328.

At step four, the ALJ found Plaintiff had the RFC to lift/carry twenty pounds occasionally and ten pounds frequently, sit for about six hours during an eight-hour workday, and stand and walk for about six hours during an eight-hour workday. Tr. 328. Additionally, the ALJ determined Plaintiff could perform low-stress work (defined as occasional decision-making and occasional changes in work place setting) that is unskilled and in which interpersonal contact is incidental to the work performed. Tr. 328.

With these limitations, the ALJ found Plaintiff could not perform any of his past relevant work. Tr. 333-334. However, after consulting a vocational expert, the ALJ found jobs existing in significant numbers in the national economy that Plaintiff could perform.[2] Accordingly, the ALJ determined Plaintiff was not under a disability from August 1, 2001, the alleged onset date, through September 11, 2009, the date of the administrative decision. Tr. 335.

---

[2] The ALJ determined Plaintiff could perform the requirements of representative occupations such as assembler, of which there are 7,250 jobs in Arkansas and 421,417 jobs nationally, machine tender, of which there are 3,435 jobs in Arkansas and 315,143 jobs nationally, and poultry eviscerator, of which there are 1,821 jobs in Arkansas and 78,421 jobs nationally. Tr. 334-335, 508-514.

**IV.     Discussion**

On appeal, Plaintiff contends the ALJ erred by: (A) failing to comply with the Court's remand order; (B) improperly weighing the medical evidence in determining Plaintiff's RFC; and (C) improperly dismissing Plaintiff's subjective complaints. *See* Pl.'s Br. 9-14. The Commissioner contends that substantial evidence supports the ALJ's determination. *See* Def.'s Br. 5-16. For the following reasons, the court finds that substantial evidence does not support the ALJ's determination.

Plaintiff submits that the ALJ did not comply with the Court's remand order and properly develop the record. *See* Pl.'s Br. 9-10. The ALJ has a duty to fully and fairly develop the record, even if a claimant is represented by counsel. *Wilcutts v. Apfel*, 143 F.3d 1134, 1137 (8th Cir. 1998). "It is well-settled that the ALJ's duty to fully and fairly develop the record includes the responsibility of ensuring that the record includes evidence addressing the alleged impairments at issue from either a treating or examining physician. *Nevland v. Apfel,* 204 F.3d 853, 858 (8th Cir.2000) (holding that it was improper for an ALJ to rely on the opinions of reviewing physicians alone). While the Secretary is under no duty to go to inordinate lengths to develop a claimant's case, he must "make an investigation that is not wholly inadequate under the circumstances." *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994) (quoting *Miranda v. Secretary of Health, Educ. & Welfare*, 514 F.2d 996, 998 (1st Cir. 1975)). There is no bright-line test for determining when the Secretary has failed to adequately develop the record; the determination must be made on a case by case basis. *Battles*, 36 F.3d at 45 (quoting *Lashley v. Secretary of Health & Human Serv.,* 708 F.2d 1048, 1052 (6th Cir.1983)).

In the Court's January 24, 2008, remand order, the undersigned directed the ALJ to further develop the record concerning Plaintiff's mental impairments. Tr. 342-343. Specifically, the

undersigned directed the ALJ to "address interrogatories to the psychologists and physicians who have evaluated and/or treated plaintiff[,] asking the psychologists and physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question." Tr. 342. The undersigned further directed the ALJ to ask the above psychologists and physicians to discuss "if alcohol abuse was seen as a problem while they were treating plaintiff, and if so, . . . whether or not plaintiff's impairments without the use of alcohol caused any limitations of activities of daily living." Tr. 342-343. The undersigned also noted that the medical evidence was somewhat ambiguous with regard to Plaintiff's physical limitations and recommended additional development. Tr. 343.

On remand, the ALJ sent interrogatories to two of Plaintiff's mental health treatment providers, Vista Health (formerly Harbor View) and Summer Phillips, M.D. Tr. 405-419. Both of these providers responded that Plaintiff was no longer a patient and had not been seen in several years. Tr. 405, 414. Vista Health noted that the physicians who treated Plaintiff were no longer employed with the organization. Tr. 414. Regarding Plaintiff's physical limitations, the ALJ sent Plaintiff for a consultative orthopedic examination with Ted Honghiran, M.D, on February 25, 2009. Tr. 453-456.

After reviewing the record, the undersigned finds that the ALJ made only a surface attempt to comply with the Court's remand order. While the ALJ sent interrogatories to two of Plaintiff's major providers, those providers were unable to complete mental RFC assessments due to the length of time that had passed. This lack of evidence should have prompted the ALJ to send Plaintiff for additional mental evaluation, especially given the fact that the ALJ determined alcohol was no longer a contributing factor in Plaintiff's mental illness yet had no medical evidence pertaining to Plaintiff's

mental functioning following his alleged date of sobriety. Without such an evaluation, the undersigned is unable to determine what medical evidence the ALJ's mental RFC assessment is founded upon, or the severity of Plaintiff's alleged mental limitations. For these reasons, the undersigned finds that additional development of Plaintiff's mental impairments is warranted. On remand, the ALJ should send Plaintiff for an additional consultative mental evaluation. Once a proper evaluation is obtained, the ALJ should reassess Plaintiff's RFC, based on all relevant evidence, including medical records, opinions of treating medical personnel, and Plaintiff's description of his own limitations, and issue a new decision. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001).

### V.   Conclusion

Accordingly, the undersigned concludes that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 22nd day of August 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE